# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## Assigned on Briefs February 17, 2010

## ERODITO D. LOPEZ-CARRANZA v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Hickman County
### No. 09-5047C    James Martin, Judge

---

### No. M2009-01712-CCA-R3-HC - Filed April 12, 2010

---

The Petitioner, Erodito D. Lopez-Carranza, was charged with one count of aggravated sexual battery, a Class B felony. See Tenn. Code Ann. § 39-13-504(b). On May 2, 2005, he pleaded guilty to one count of attempted aggravated sexual battery, accepting an out-of-range sentence of seven years in the Department of Correction, to be served as a multiple offender at thirty-five percent. On July 6, 2009, the Petitioner filed a petition for writ of habeas corpus in the Circuit Court for Hickman County.[1] On July 24, 2009, the State filed a motion to dismiss the petition. The habeas corpus court granted the motion. The Petitioner now appeals that grant. We affirm the judgment of the habeas corpus court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, J., joined. THOMAS T. WOODALL, J., not participating.

Erodito D. Lopez-Carranza, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and Victor S. Johnson, III, District Attorney General, for the appellee, State of Tennessee.

---

[1] In the interim, the Petitioner filed for and was denied post-conviction relief. The petition was dismissed because it was not timely filed. See State v. Erodito D. Lopez-Carranza, No. M2007-01024-CCA-R3-PC, 2007 WL 3124425 (Tenn. Crim. App., Nashville, Jan. 28, 2008).

# OPINION

## Factual Background

The record on appeal includes only a single-volume technical record and does not include a transcript of the Petitioner's guilty plea hearing or any other hearing that may be relevant to his petition. The police report attached to the petition alleges that the mother of the ten-year-old victim discovered the Petitioner with his hand on the victim's bare buttocks in the victim's bedroom. The victim's mother then called 911, and a struggle with the Petitioner ensued. The victim's mother procured a kitchen knife and chased the Petitioner out of her home.

The Petitioner's petition for writ of habeas corpus alleges that his sentence is illegal because: (1) he "pled out of range"; (2) aggravated sexual battery requires 100% service per Tennessee Code Annotated section 40-35-501(i); (3) he does not speak English and was not provided with a translator during his guilty plea proceedings; and (4) the victim's mother never testified, called her own mother before calling 911, and has kept in contact with the Petitioner. The habeas corpus court denied the petition, holding that the Petitioner's first two arguments lacked legal merit and that his remaining arguments were not cognizable in a petition for writ of habeas corpus.

## Analysis

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that: (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994). "The determination of whether habeas corpus relief should be granted is a question of law. Therefore, our review is de novo with no presumption of correctness given to the findings

and conclusions of the lower courts." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citations omitted).

We first note that the record contains, among other documents, a copy of the petition to enter the guilty plea and the judgment of conviction. Both documents reflect the agreement that the Petitioner was to receive an out-of-range sentence. Moreover, attempted aggravated sexual battery is not an enumerated offense under section 40-35-501(i). On appeal, the Petitioner abandons the grounds alleged in his petition for writ of habeas corpus. These issues are therefore waived. See Tenn. Ct. Crim. App. R. 10(b) (providing that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references will be treated as waived in this court"). He instead argues that his guilty plea is illegal because the trial court did not determine the factual basis for his plea, in violation of Tennessee Rule of Criminal Procedure 11(f). "It has long been the general rule," however, "that questions not raised in the trial court will not be entertained on appeal." Lawrence v. Stanford, 655 S.W.2d 927, 929-30 (Tenn. 1983). This issue is therefore waived.

We also note that, even if the Petitioner had raised this issue below, the record does not contain the transcripts necessary to review the issue on its merits and contains no evidence that the Petitioner cannot speak English. The Petitioner states in his brief that he requested the production of his guilty plea hearing transcript. In support of this proposition he cites to an order, contained in the technical record, for production of transcripts. That order, however, includes only a request for production of the "technical record" which is apparently contained in the record in full. Based on our review of the record in this case, we cannot conclude that the habeas corpus court erred in dismissing the petition.

### Conclusion
Based on the foregoing authorities and reasoning, we affirm the order of the Circuit Court for Hickman County dismissing the petition for writ of habeas corpus.

_____
DAVID H. WELLES, JUDGE

-3-